IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

BRIGID K. JONES,

     Plaintiff,

  v.            Civil Action No.
                6:15-CV-0174 (DEP)

CAROLYN W. COLVIN, Acting Commissioner
 of Social Security,

     Defendant.

---

APPEARANCES:        OF COUNSEL:

FOR PLAINTIFF

ANTONOWICZ LAW FIRM    PETER W. ANTONOWICZ, ESQ.
148 West Dominick Street
Rome, New York 13440


FOR DEFENDANT

HON. RICHARD S. HARTUNIAN  ANDREEA LECHLEITNER, ESQ.
United States Attorney for the   Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on April 28, 2016 during a telephone conference, held on the record. At the close of argument I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Plaintiff's motion for judgment on the pleadings is GRANTED.

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

2)  The Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

3)  The matter is hereby REMANDED to the Commissioner, with a directed finding of disability, for the purpose of calculating benefits owing to the plaintiff.

4)  The clerk is directed to enter judgment, based upon this determination, remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

David E. Peebles
U.S. Magistrate Judge

Dated: May 2, 2016
Syracuse, NY

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------x
BRIGID K. JONES,

                              Plaintiff,

vs.                              6:15-CV-174

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

                              Defendant.
-------------------------------------------x
```

Transcript of a Decision held during a Telephone Conference on April 28, 2016, at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the HONORABLE DAVID E. PEEBLES, United States Magistrate Judge, Presiding.

A P P E A R A N C E S

(By Telephone)

| | |
|---|---|
| For Plaintiff: | PETER W. ANTONOWICZ, ESQ.<br>Attorney at Law<br>148 West Dominick Street<br>Rome, New York  13440 |
| For Defendant: | SOCIAL SECURITY ADMINISTRATION<br>Office of Regional General Counsel<br>Region II<br>26 Federal Plaza  Room 3904<br>New York, New York  10278<br>  BY:  ANDREEA L. LECHLEITNER, ESQ. |

*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York  13261-7367*
*(315) 234-8547*

1          (The following is an excerpt from the
2          telephone conference held on 4/28/16.)
3          THE COURT: All right, thank you. I'll have to let
4  that be the last word.
5          I have before me a request for judicial review of
6  the Commissioner's determination pursuant to 42 United States
7  Code Section 405(g).
8          The background of the case is as follows:
9  Plaintiff's date of birth is June 1981, by my math, she is
10 now 34 years old, was 31 years old at the time of the hearing
11 in this matter. She lives in an apartment with a boyfriend
12 and 11-month-old son, or did at the time of the hearing. She
13 previously worked as a licensed practical nurse or LPN, last
14 worked more than a year before the hearing in this matter
15 which was held on March 11, 2013. She worked in a nursing
16 home setting. She suffers from anxiety disorder, personality
17 disorder, and post-traumatic stress disorder stemming from
18 abuse from multiple sources, including a stepfather and a
19 former boyfriend.
20         She has received treatment at the Mohawk
21 Psychiatric Center. There's -- the record is somewhat
22 inconsistent or ambiguous as to how many times per week she
23 attends, she does attend group sessions. At one point she
24 stated that she attends the center three times per week. At
25 other times the notes say weekly, but in late 2012, it

appears from the record that they became more frequent. At that center, she treated with Licensed Social Worker Chris Casey as well as Dr. Jyoti Swaminathan. She has also been treating with Dr. Rabinowitz for many years, her general practitioner.

Procedurally, the plaintiff applied for both Disability Insurance Benefits and SSI payments on November 29, 2011, alleging an onset date of November 7, 2011. A hearing was conducted on March 11, 2013, by Administrative Law Judge David Bagley, B-a-g-l-e-y. Judge Bagley issued a decision on May 31, 2013. That decision became a final determination of the agency on January 14, 2015 when Social Security Administration Appeals Council denied plaintiff's application for review.

In his decision, ALJ Bagley applied the well-familiar five-step protocol for determining disability.

At step one, found that she had not engaged in substantial gainful activity since her alleged onset date.

At step two, found that she suffers from severe impairments including anxiety disorder, personality disorder, and polysubstance abuse (in reported remission).

At step three, the administrative law judge concluded that the severe impairments did not meet or medically equal any of the listed presumptively disabling conditions and specifically concluded, looking at the part B

1  criteria, that plaintiff had a mild restriction in activities
2  of daily living, a moderate restriction in difficult -- in
3  social functioning, moderate difficulties with regard to
4  concentration, persistence, or pace and no recorded episodes
5  of decompensation, concluded also that the step, the
6  paragraph C criteria were not satisfied.
7      After surveying the medical evidence, the ALJ
8  concluded that plaintiff retains the residual functional
9  capacity to perform a full range of work at all exertional
10 levels subject to limitations to simple, routine, repetitive
11 tasks, work in a low stress job which is defined as having no
12 fixed production quotas, no hazardous conditions, only
13 occasional decision-making required, and only occasional
14 changes in work setting, occasional interaction with
15 coworkers and supervisors and only superficial indirect
16 interaction with the general public.  Applying that RFC, the
17 ALJ concluded at step four that plaintiff cannot perform her
18 past relevant work.
19     At step five, in reliance upon the testimony of the
20 vocational expert, the ALJ concluded that plaintiff is
21 capable of performing as a hospital cleaner, a laundry
22 worker, and a cleaner, three positions that are in the medium
23 exertional category with an SVP of two.
24     As you know, my role is limited.  My review is
25 extremely deferential.  I must determine whether proper legal

1    principles were applied, and the determination is supported
2    by substantial evidence.
3            In terms of credibility, I don't find any issues
4    with the credibility determination, I think there was a
5    proper evaluation and the credibility assessment was properly
6    explained, looking at such factors as conservative treatment,
7    drug-seeking conduct, the GAF, and robust daily living.
8            Where I have a problem with this case is in the
9    retention of Dr. Noia.  I guess it bothers me that the
10   evidence in the record, leaving aside Dr. Noia and
11   Dr. Echevarria, is very strongly suggestive of disability,
12   and so I'm having a difficult time with the retention of an
13   independent expert who examines on one occasion and then
14   that, there's a bootstrapping and that opinion of Dr. Noia
15   then becomes substantial evidence of no disability.  20
16   C.F.R. Section 404.1519i(b) provides that a medical source
17   for consultative examination, we will use a medical source
18   other than your treating source for a purchased examination
19   or test in situations including, but not limited to, the
20   following situations, part (b) is where there are conflicts
21   or inconsistencies in your file that cannot be resolved by
22   going back to your treating source.
23           I reviewed, even the record before Dr. Noia's
24   retention did not find such inconsistencies or conflict, and
25   leaving aside Dr. Noia and then Dr. Echevarria which relies

1   in part upon Dr. Noia's consultative exam, the findings of
2   Dr. Rabinowitz who was not a specialist but who has a 15-year
3   relationship with the plaintiff, and the findings of
4   Dr. Swaminathan who is a specialist although he has limited
5   contact, he also has available to him the notes and opinions
6   of Mr. Casey, and Mr. Casey who is not an acceptable medical
7   source but still, his opinions concerning the plaintiff's
8   limitations are entitled to some weight, they're all
9   extremely consistent that the plaintiff is unable to deal
10  with stress and that it would preclude her from working in a
11  work environment.
12          Mr. Casey, at 465 and again at 527, says in letter
13  form that it's his opinion she has a serious psychiatric
14  disability and it would seriously impair her ability to work
15  even in a low stress-related job.  Dr. Rabinowitz on March 8,
16  2013, page 522 characterizes her ability to deal with -- her
17  inability to deal with stress as extreme, as well as her
18  ability to behave in an emotionally stable manner.  That of
19  course is entitled to controlling weight unless it is
20  inconsistent with his treatment notes which I don't find that
21  it is.
22          We also have Dr. Swaminathan's March 11, 2013
23  opinions at 529 and 530 which are extremely similar, and
24  Dr. Rabinowitz's letter of March 9, 2013, that's at 525.
25          So in my view, it was improper to retain Dr. Noia

1 without first going back to treating sources for followup or
2 consultative exams.
3 　　　　　When I discount his opinions, there is, in my view,
4 persuasive evidence of disability in this case, and so I am
5 going to award judgment on the pleadings to plaintiff, with a
6 directed finding of disability and order that this matter be
7 remanded to the Commissioner solely for the purpose of
8 calculating benefits owed to the plaintiff.
9 　　　　　I appreciate excellent arguments, it was a
10 difficult case, and I enjoyed working with both of you.  Have
11 a good afternoon.
12 　　　　　MR. ANTONOWICZ:  Thank you, your Honor.
13 　　　　　MS. LECHLEITNER:  Thank you.
14 　　　　　　　(Proceedings Adjourned, 3:33 p.m.)

1     CERTIFICATE OF OFFICIAL REPORTER
2
3
4          I, JODI L. HIBBARD, RPR, CRR, CSR, Federal
5     Official Realtime Court Reporter, in and for the
6     United States District Court for the Northern
7     District of New York, DO HEREBY CERTIFY that
8     pursuant to Section 753, Title 28, United States
9     Code, that the foregoing is a true and correct
10    transcript of the stenographically reported
11    proceedings held in the above-entitled matter and
12    that the transcript page format is in conformance
13    with the regulations of the Judicial Conference of
14    the United States.
15
16                    Dated this 29th day of April, 2016.
17
18
19                    /S/ JODI L. HIBBARD
20                    JODI L. HIBBARD, RPR, CRR, CSR
                      Official U.S. Court Reporter
21
22
23
24
25

JODI L. HIBBARD, RPR, CRR, CSR
(315) 234-8547